Anthony S. Khoury, Of Counsel (State Bar No. 236326)
**LEVINE & BLIT LLP**
8383 Wilshire Boulevard, Suite 945
Beverly Hills, California 90211
Telephone: 310.281.0100
Facsimile: 310.281.0140
E-mail: akhoury@levineblit.com

Attorneys for Plaintiff,
KATILEO SEARCY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 20 2017

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| KATILEO SEARCY, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., an Ohio Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. **BC 665791**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Provide Proper Wage Statements (*Labor Code* § 226);**<br>2. **Meal and Rest Break Violations (*Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);**<br>3. **Failure to Pay Wages at the Agreed Upon Rate (*Labor Code* §§ 204, 223, 1197); and,**<br>4. **Unfair Business Practices (*Business and Professions Code* § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

All allegations in this Class Action Complaint ("Complaint") are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and his counsel. Plaintiff's information and beliefs are based upon, *inter alia*, the investigation conducted to date by Plaintiff and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Plaintiff KATILEO SEARCY, on behalf of himself and all others similarly situated, alleges as follows:

///

-1-
**CLASS ACTION COMPLAINT**

1

## INTRODUCTION

2    1.    This matter is brought as a class action pursuant to California Code of Civil

3  Procedure § 382, on behalf of Plaintiff and the putative class, which is defined more specifically

4  below, but which is comprised, generally, of all former and current non-exempt employees of

5  Defendant UNITED PARCEL SERVICE, INC. (hereinafter "UPS" or "Defendant"). The Class

6  Period is from June 20, 2013, to the date judgment is rendered herein.

7    2.    Plaintiff seeks relief on behalf of himself and the members of the putative class as

8  a result of employment policies, practices and procedures more specifically described below,

9  which violate the California Labor Code, and the orders and standards promulgated by the

10  California Department of Industrial Relations, Industrial Welfare Commission, and Division of

11  Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and

12  members of the putative class all wages due to them.  Said employment policies, practices and

13  procedures are generally described as follows:

14        a.    Defendant failed to provide Plaintiff and members of the putative class

15            accurate wage statements as required by Labor Code § 226;

16        b.    Defendant failed to provide Plaintiff and members of the putative class

17            with timely meal and rest breaks (Labor Code §§ 200, 226.7, 512, and 12

18            CCR § 11040); and,

19        c.    Defendant routinely failed to provide payment to Plaintiff and members of

20            the putative class, at the agreed upon rate, for all hours worked.

21    3.    In addition, Plaintiff and members of the putative class seek relief and damages

22  for Defendant's violation, by way of the above-described conduct, of California's unfair

23  competition laws (Business & Professions Code § 17200), including the equitable remedies of

24  declaratory relief, disgorgement, accounting, and restitution.

25

## JURISDICTION AND VENUE

26    4.    This Court has jurisdiction over this matter pursuant to the provisions of the

27  California Labor Code, as well as Business & Professions Code § 17200. Venue is proper in Los

28  Angeles County because the acts which give rise to this litigation occurred in this county and

-2-

CLASS ACTION COMPLAINT

1    Defendant UPS does business in Los Angeles County.

2    **THE PARTIES**

3        5.    Plaintiff is a resident of Los Angeles County, California.

4        6.    Plaintiff is employed by Defendant UPS as a part-time supervisor. Plaintiff works

5    for UPS at its facility located on Olympic Boulevard in West Los Angeles. Throughout the Class

6    Period, Plaintiff worked as a non-exempt employee at UPS.

7        7.    The members of the proposed class are likewise current and former employees of

8    Defendant UPS, employed by Defendant within the State of California during the Class Period as

9    non-exempt employees.

10        8.    Defendant UPS is a package delivery company and a provider of supply chain

11    management solutions operating several locations within the State of California.

12        9.    Plaintiff is ignorant of the true names, capacities, relationships and extent of

13    participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 100,

14    inclusive, but on information and belief, alleges that said Defendants are in some manner legally

15    responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues

16    such Defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges,

17    that each Defendant named herein was the agent of the other, and the agent of all Defendants.

18    Plaintiff is further informed and believes, and thereon alleges, that each Defendant was acting

19    within the course and scope of said agency at all relevant times herein, for the benefit of

20    themselves, each other, and the other Defendants, and that each Defendant's actions as alleged

21    herein was authorized and ratified by the other Defendants.

22    **FACTUAL ALLEGATIONS**

23        10.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

24        11.    Plaintiff and the members of the putative class were and are classified by

25    Defendant UPS as non-exempt employees, pursuant to the provisions of the California Labor

26    Code, and the orders and standards promulgated by the California Department of Industrial

27    Relations, Industrial Welfare Commission, and Division of Labor Standards.  As non-exempt

28    employees, Plaintiff and members of the putative class are entitled to certain benefits, including

-3-
**CLASS ACTION COMPLAINT**

1   premium compensation for overtime hours worked, and mandated meal and rest breaks.    In

2   addition, said statutory provisions, wage orders, regulations and standards obligate the employer

3   to maintain accurate records of the hours worked by employees.

4   ***Background***

5          12.    Defendant UPS is a package delivery company and a provider of supply chain

6   management solutions operating several locations within the State of California, including but

7   not limited to, its facility located on Olympic Blvd in West Los Angeles.

8          13.    Plaintiff and the other members of the putative class previously worked or are

9   currently working for Defendant as non-exempt employees.

10         14.    The primary work duties include, among others, package-handling and supervision

11  of package-handling operations.

12         15.    Defendant discouraged Plaintiff and other non-exempt employees from taking

13  meal or rest breaks and upon information and belief, Defendant changed time sheets submitted

14  by Plaintiff and other putative class members to avoid paying for all hours worked.

15         16.    There were occurrences where Plaintiff and the members of the putative class input

16  and/or reported missed, short, or late meal breaks and/or Defendant knew that they incurred

17  missed, short, and/or late rest breaks and Defendant did not pay wages, or premium wages, as a

18  result.

19  ***Defendant's Failure to Pay Minimum Wages and Designated Rates***

20         17.    IWC Wage Order, number 7 defines "hours worked" to mean "the time during

21  which an employee is subject to the control of an employer, and includes all the time the employee

22  is suffered or permitted to work, whether or not required to do so."

23         18.    Labor Code § 1182.12 and IWC Wage Order, number 7, section 4 provides that

24  on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars

25  ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not

26  less than ten dollars ($10) per hour.

27         19.    Labor Code § 1194(a) provides in relevant part: "Notwithstanding any agreement

28  to work for a lesser wage, any employee receiving less than the legal minimum wage [] is entitled

-4-
**CLASS ACTION COMPLAINT**

1  to recover in a civil action the unpaid balance of the full amount of this minimum wage [],

2  including interest thereon, reasonable attorney's fees, and costs of suit."

3      20.     Labor Code § 1194.2(a) provides in relevant part: "In any action under Section

4  1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum

5  wage fixed by an order of the commission, an employee shall be entitled to recover liquidated

6  damages in an amount equal to the wages unlawfully unpaid and interest thereon."

7      21.     Labor Code § 1197 provides: "The minimum wage for employees fixed by the

8  commission is the minimum wage to be paid to employees, and the payment of a less wage than

9  the minimum so fixed is unlawful."

10     22.     Defendant classified Plaintiff, and putative class members, as non-exempt and

11 paid him, and some of the putative class members, on an hourly basis for their part-time work.

12 Defendant paid other putative class members on an hourly basis for their full-time work. Hours

13 worked include, but are not limited to, all hours that an employee is permitted or suffered to work

14 including, but not limited to, off-the-clock work that an employer either knew or should have

15 known that an employee was performing.

16     23.     As a matter of policy and/or practice, Defendant routinely suffered or permitted

17 Plaintiff and putative class members to work portions of the day during which they were subject

18 to Defendant's control, but Defendant failed to compensate them, such as during mandated meal

19 and rest breaks that were not waived.

20     24.     Throughout the Class Period, Plaintiff, and the other members of the putative class,

21 were subject to Defendant's uniform policy and/or practice of failing to pay minimum wages

22 and/or designated rates for hours worked off-the-clock. As a result, Plaintiff and the other

23 members of the putative class were routinely denied compensation for all hours worked.

24     25.     Additionally, Defendant did not maintain adequate records of all wages earned,

25 hours worked, and meal and rest breaks taken.

26 ***Defendant's Failure to Provide Meal Breaks***

27     26.     Plaintiffs and the members of the putative class did not waive their meal periods,

28 by mutual consent with Defendant or otherwise.

27.    Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to effectively communicate California meal period requirements to Plaintiff and the members of the putative class.

28.    Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendant's routinely failed to provide Plaintiff and the members of the putative class, with meal periods during which they were relived of all duties by requiring them to remain on duty.

29.    Specifically, throughout the Class Period, Defendant regularly:

a.    Failed to provide Plaintiff and the members of the putative class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

b.    Failed to provide Plaintiff and the members of the putative class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day; and

c.    Failed to pay Plaintiff and the members of the putative class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

d.    Failed to accurately record all meal periods.

***Defendant's Failure to Provide Rest Breaks***

30.    At all times relevant hereto, Labor Code § 226.7 and IWC Wage Order, number 7, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

31.    At all times relevant hereto, Labor Code § 226.7(b) and IWC Wage Order, number 7, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to effectively communicate California rest period requirements to Plaintiff and the members of

1   the putative class. Plaintiff is further informed and believes and based thereon alleges that

2   throughout the Class Period Defendant failed to provide rest periods.

3        33.    Throughout the Class Period, Plaintiff and the members of the putative class were

4   routinely denied the rest breaks they were entitled to under California law.

5        34.    Specifically, throughout the Class Period, Defendant regularly:

6             a.    Failed to provide paid rest periods of ten (10) minutes during which

7                  Plaintiff and the members of the putative class were relieved of all duty for

8                  each four (4) hours of work and able to take rest periods within the middle

9                  of the shift;

10            b.    Failed to pay Plaintiff and the members of the putative class one (1) hour

11                 of pay at their regular rate of compensation for each workday that a rest

12                 period was not permitted.

13  ***Defendant's Failure to Provide Accurate, Itemized Wage Statements***

14       35.    At all times relevant hereto, Labor Code § 226 and IWC Wage Order, number 7,

15  section 7 required employers to maintain adequate employment records and provide employees

16  with accurate itemized wage statements showing gross wages, total hours worked, all applicable

17  hourly rates worked during each pay period, the corresponding number of hours worked at each

18  hourly rate, and meal breaks taken.

19       36.    Wage statements provided to Plaintiff and the members of the putative class by

20  Defendant do not show all wages earned, all hours worked, or all applicable rates, in violation of

21  Labor Code § 226, IWC Wage Order number 7, section 7, and the UCL.

22       37.    Moreover, Defendant did not maintain adequate records of all wages earned, hours

23  worked and breaks taken.

24  ***Facts Regarding Willfulness***

25       38.    Plaintiff is informed and believes and based thereon alleges that Defendant is and

26  was advised by skilled lawyers, other professionals, employees with human resources background

27  and advisors with knowledge of the requirements of California wage and hour laws.

28       39.    Plaintiff is informed and believes and based thereon alleges that at all relevant

-7-
**CLASS ACTION COMPLAINT**

1   times, Defendant had a consistent policy or practice of failing to compensate the putative class

2   members, including Plaintiff, for all hours worked, including minimum wages, designated rate

3   wages, overtime, and premium wages.

4        40.    Plaintiff is informed and believes and based thereon alleges that at all relevant

5   times, Defendant knew or should have known, that the putative class members, including

6   Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift

7   of six (6) or more hours worked, and that any failure to do so requires Defendant to pay Plaintiff

8   and the members of the putative class one (1) hour of wages per day for untimely, missed, or on-

9   duty meal periods.

10       41.    Plaintiff is informed and believes and based thereon alleges that at all relevant

11  times, Defendant had a consistent policy or practice of either modifying putative class members'

12  time cards to reflect that meal breaks had been taken even when they had not, or modifying

13  putative class members' time cards to reflect that less than six hours had been worked on any

14  particular day such that the putative class members in question would not be entitled to a meal

15  break.

16       42.    Plaintiff is informed and believes and based thereon alleges that at all relevant

17  times, Defendant knew or should have known, that the putative class members, including

18  Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours

19  or more, and that any failure to allow said breaks requires Defendant to pay the putative class

20  members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

21  *Plaintiff's Exhaustion of Administrative Remedies*

22       43.    Plaintiff is currently complying with the procedures for bringing suit specified in

23  California Labor Code § 2699.3. By letter dated June 12, 2017, Plaintiff, on behalf of himself

24  and the other putative class members, gave the required notice to the Labor and Workforce

25  Development Agency ("LWDA") and Defendant of the specific provisions of the California

26  Labor Code alleged to have been violated, including the facts and theories to support the alleged

27  violations. This Complaint will be amended when more than sixty (60) days have passed since

28  the date the notice was mailed to Defendant and the LWDA, if the LWDA chooses not to

1  investigate the allegations herein.

2  **CLASS ACTION ALLEGATIONS**

3  44.  Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

4  45.  Plaintiff brings this action on behalf of himself and all others similarly situated as

5  a class action, pursuant to California Code of Civil Procedure §382. The classes which Plaintiff

6  seeks to represent are composed of, and defined as follows:

7  **Plaintiff Class:**

8  All employees who were or are employed by Defendant during the Class

9  Period in California as "non-exempt employees." As used in this class

10  definition, the term "non-exempt employee" refers to those who Defendant

11  UPS has classified as non-exempt from the overtime wage provisions of

12  the California Labor Code. Excluded from the class are any full-time

13  employees with managerial or supervisory authorities and/or duties.

14  **Part-Time Managerial/Supervisory Sub-Class:**

15  All members of the Plaintiff Class who Defendant UPS has classified as

16  part-time employees with managerial or supervisory authorities and/or

17  duties.

18  **Terminated Sub-Class:**

19  All members of the Plaintiff Class whose employment ended during the

20  Class Period.

21  (collectively "Putative Class" or "Class Members")

22  46.  The Class Period is the period from June 10, 2013, through and including the date

23  judgment is rendered in this matter.

24  47.  Numerosity: Plaintiff is informed and believes and based thereon alleges that the

25  class includes more than 200 individuals and is therefore so numerous that the individual joinder

26  of all members is impracticable. While the exact number and identification of class members are

27  unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery

28  directed to Defendant, Plaintiff is informed and believes that the class includes at least hundreds

-9-
**CLASS ACTION COMPLAINT**

of members.

48.    <u>Questions of Law and Fact Common to the Class</u>: Common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.    Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California wage and hour statutes;

b.    Whether Defendant maintained accurate records of the hours worked by employees;

c.    Whether Defendant had a standard policy and practice of failing to provide Plaintiff and members of the putative class with true and accurate wage statements upon payment of wages, in violation of Labor Code § 226;

d.    Whether Defendant had a policy and practice of failing to compensate Plaintiff and the members of the putative class for missed, short, or late meal and rest breaks;

e.    Whether Defendant's policy and practice of not providing, and/or compensating Plaintiff and the members of the putative class for meal and rest breaks violated California wage and hour law;

f.    Whether the nature of the work of Plaintiff and members of the putative class prevented them from taking meal breaks;

g.    Whether Defendant required, encouraged, suffered, or permitted Plaintiff and the members of the putative class to perform certain work-related duties without compensation at the designated rate;

h.    Whether Plaintiff and members of the putative class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

i.    Whether Defendant's conduct as alleged herein violates the Unfair

-10-
CLASS ACTION COMPLAINT

1    Business Practices Act under Business & Professions Code § 17200, *et seq*.

2    49.    <u>Typicality</u>: The claims of the named Plaintiff are typical of the claims of the

3    members of the putative class. Plaintiff and other class members sustained losses, injuries and

4    damages arising from Defendant's common policies, practices, procedures, protocols, routines,

5    and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery

6    for the same type of losses, injuries, and damages as were suffered by other members of the

7    proposed class.

8    50.    <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the

9    proposed classes because he is a member of the class, and his interests do not conflict with the

10    interests of the members he seeks to represent. Plaintiff has retained competent counsel,

11    experienced in the prosecution of complex class actions, and together Plaintiff and his counsel

12    intend to prosecute this action vigorously for the benefit of the classes. The interests of the class

13    members will fairly and adequately be protected by Plaintiff and his attorneys.

14    51.    <u>Superiority</u>: Plaintiff is informed and believes and based thereon alleges that class

15    action is superior to other available methods for the fair and efficient adjudication of this litigation

16    since individual litigation of the claims of all class members is impracticable. It would be unduly

17    burdensome to the courts if these matters were to proceed on an individual basis, because this

18    would potentially result in hundreds of individual, repetitive lawsuits. Further, individual

19    litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a

20    "race to the courthouse," and an inequitable allocation of recovery among those with equally

21    meritorious claims. By contrast, the class action device presents far fewer management

22    difficulties, and provides the benefit of a single adjudication, economics of scale, and

23    comprehensive supervision by a single court.

24    52.    The various claims asserted in this action are additionally or alternatively

25    certifiable under the provisions of the California Code of Civil Procedure § 382 because:

26    a.    The prosecution of separate actions by hundreds of individual class

27    members would create a risk or varying adjudications with respect to

28    individual class members, thus establishing incompatible standards of

-11-
**CLASS ACTION COMPLAINT**

conduct for Defendant, and

b.    The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (By Plaintiff and Members of the Putative Class Against All Defendants)

53.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

54.    Labor Code § 226(a) requires every employer, semi-monthly or at the time of each payment of wages, to furnish each of its employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned and (6) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

55.    As a matter of pattern and practice, in violation of Labor Code § 226, Defendant did not maintain accurate records pertaining to Plaintiff or the members of the putative class, including, but not limited to, when they began and ended each work period, meal period, rest period, the total daily hours worked, the total hours worked per pay period and applicable rates of pay.

56.    Plaintiff and the members of the putative class were harmed by Defendant's failure to provide the required information.  Defendant's failure to comply with Labor Code § 226(a) hindered Plaintiff and the members of the putative class from determining the amount of wages, overtime, and other compensation actually owed to them, and damaged them in the amount of the

1  unpaid wages, compensation, and overtime wages that were not reported by Defendant, as

2  required.

3    57.    Pursuant to Labor Code § 226(e), Plaintiff and the members of the putative class

4  are entitled to penalties as follows:

5    a.  Fifty dollars ($50.00) per employee for the initial pay period in which a violation

6       occurs; and

7    b.  One hundred dollars ($100.00) per employee for each violation in a subsequent

8       pay period.

9    58.    Pursuant to Labor Code § 226(g), the members of the Class are entitled to an award

10  of costs and reasonable attorneys' fees.

11    59.    Plaintiff and the members of the putative class also request relief as described

12  below.

13  <u>**SECOND CAUSE OF ACTION**</u>

14  **MEAL AND REST BREAK VIOLATIONS**

15  **(LABOR CODE §§ 200, 226.7, 512, and 12 CCR § 11040)**

16  **(By Plaintiff and Members of the Putative Class Against All Defendants)**

17    60.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

18    61.    Labor Code § 226.7(a) provides that "No employer shall require any employee to

19  work during any meal or rest period mandated by an applicable order of the Industrial Welfare

20  Commission."

21    62.    Labor Code § 512 provides that "An employer may not employ an employee for a

22  work period of more than five hours per day without providing the employee with a meal period

23  of not less than 30 minutes, except that if the total work period per day of the employee is no

24  more than six hours, the meal period may be waived by mutual consent of both the employer and

25  employee."

26    63.    Labor Code § 512 further provides that "An employer may not employ an

27  employee for a work period of more than 10 hours per day without providing the employee with

28  a second meal period of not less than 30 minutes, except that if the total hours worked is no more

-13-
**CLASS ACTION COMPLAINT**

1  than 12 hours, the second meal period may be waived by mutual consent of the employer and the

2  employee only if the first meal period was not waived."

3      64.    Labor Code § 516 provides that the Industrial Welfare Commission may adopt or

4  amend working condition orders with respect to meal periods for any workers in California

5  consistent with the health and welfare of those workers.

6      65.    Section 11(C) of Wage Order No. 7-2001 provides that "Unless the employee is

7  relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on

8  duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only

9  when the nature of the work prevents an employee from being relieved of all duty and when by

10  written agreement between the parties an on-the-job paid meal period is agreed to. The written

11  agreement shall state that the employee may, in writing, revoke the agreement at any time."

12      66.    Section 11(D) of Wage Order No. 7-2001 provides that "If an employer fails to

13  provide an employee a meal period in accordance with the applicable provisions of this order, the

14  employer shall pay the employee one (1) hour of pay at the employee's regular rate of

15  compensation for each workday that the meal period is not provided."

16      67.    Labor Code § 226.7(a) provides that "No employer shall require any employee to

17  work during any meal or rest period mandated by an applicable order of the Industrial Welfare

18  Commission."

19      68.    Labor Code § 516 provides that the Industrial Welfare Commission may adopt or

20  amend working condition orders with respect to rest periods for any workers in California

21  consistent with the health and welfare of those workers.

22      69.    IWC Wage Order, number 4-2001, section 12 required employers to authorize,

23  permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which

24  employees are relieved of all duty.

25      70.    At all times relevant hereto, Labor Code § 226.7(b) and IWC Wage Order, number

26  7-2001, section 12 required employers to pay one hour of additional pay at the regular rate of

27  compensation for each employee and each workday that a proper rest period is not provided.

28      71.    Throughout the Class Period, Plaintiff and the members of the putative class

-14-
**CLASS ACTION COMPLAINT**

1  consistently worked over five (5) hours per work period, and therefore, were entitled to a meal

2  period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

3      72.    Throughout the Class Period, Plaintiff and the members of the putative class did

4  not waive their meal periods, by mutual consent with Defendant or otherwise.

5      73.    Defendant failed to comply with the required meal periods established by Labor

6  Code § 226.7, Labor Code § 512, Labor Code § 516 and the applicable Wage Order.

7      74.    Defendant failed to compensate Plaintiff and members of the putative class with

8  premium wages when meal periods were missed, short, or late.

9      75.    Pursuant to Section 11 of Wage Order No. 7-2001, and Labor Code § 226.7(b) (which

10  requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance

11  with an applicable order of the industrial Welfare Commission, the employer shall the employee one

12  additional hour of pay at the employee's regular rate of compensation for each work day that the meal

13  or rest period is not provided"), the members of the Class are entitled to damages in an amount equal

14  to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

15      76.    At all times relevant to this Complaint, each Defendant failed, and has continued to

16  fail, to timely provide Plaintiff and members of the putative class with meal periods.

17      77.    As a result, throughout the Class Period, Defendant regularly:

18      (a)    Failed to provide paid rest periods of ten (10) minutes during which Plaintiff

19      and the members of the putative class were relieved of all duty for each four

20      (4) hours of work; and

21      (b)    Failed to pay Plaintiff and the members of the putative class one (1) hour of

22      pay at their regular rate of compensation for each workday that a rest period

23      was not permitted.

24      78.    As a direct and proximate result of the acts and/or omissions of each Defendant,

25  Plaintiff and Class Members have been deprived of meal and rest period wages due in amounts to be

26  determined at trial.

27      79.    Pursuant to California Labor Code §§ 226.7, 512, and Wage Order 7, as a result of

28  Defendant's failure to pay Plaintiff and Class Members for all meal periods and rest periods, Plaintiff

CLASS ACTION COMPLAINT

1   and all Class Members are entitled to recover the unpaid meal and rest period wages, plus interest, fees

2   and costs thereon.

3       80.    Plaintiff and the members of the putative class also request relief as described below.

4   ### THIRD CAUSE OF ACTION

5   ### FAILURE TO PAY WAGES AT THE AGREED UPON RATE

6   **(By Plaintiff and Members of the Putative Class Against All Defendants)**

7       81.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

8   forth herein.

9       82.    Labor Code § 223 provides, "Where any statute or contract requires an employer

10  to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while

11  purporting to pay the wage designated by statute or contract."

12      83.    Throughout the Class Period, Defendant's compensation scheme purported to

13  compensate Plaintiff and the other members of the putative class for all hours worked. In reality,

14  Defendant suffered or permitted Plaintiff and the other members of the putative class to work

15  portions of their day without compensation, while subject to Defendant's control, including

16  during meal breaks, which resulted in the Plaintiff and the members of the putative class earning

17  less than the designated rate.

18      84.    Also throughout the Class Period, Defendant paid less than the agreed upon

19  compensation owed to Plaintiff and the other members of the putative class, while purporting to

20  pay the designated wage scale. As a result, Defendant's conduct violates Labor Code § 223.

21      85.    Defendant owed and still owes Plaintiff and the other members of the putative

22  class wages at the designated rate pursuant to the Labor Code in amounts to be determined at trial

23  for the hours worked during the Class Period.

24      86.    Plaintiff and the other members of the putative class request payment of unpaid

25  wages at the designated rate in amounts to be determined at trial, plus interest, attorneys' fees and

26  costs, against Defendants in a sum as provided by the Labor Code and/or other statutes.

27      87.    Plaintiff and the members of the putative class also request relief as described

28  below.

-16-
**CLASS ACTION COMPLAINT**

**FOURTH CAUSE OF ACTION**

**UNFAIR COMPETITION: CALIFORNIA BUSINESS AND**

**PROFESSIONS CODE § 17200, etc.**

**(By Plaintiff, the Putative Class, and the General Public, Against All Defendants)**

88.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

89.     Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

90.     Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the putative class have suffered, and continue to suffer, injury in fact and monetary damages as a result of Defendant's actions.

91.     The actions by Defendant as herein alleged amount to conduct which is unlawful and a violation of law.  As such, said conduct amounts to unfair business practices in violation of Business and Professions Code § 17200, *et seq.*

92.     Defendant's conduct as herein alleged has damaged Plaintiff and the members of the putative class by denying them wages due and payable, and by failing to provide proper wage statements. Defendant's actions are thus substantially injurious to Plaintiff and the members of the putative class, causing them injury in fact and loss of money.

93.     As a result of such conduct, Defendant has unlawfully and unfairly obtained monies due to the Plaintiff and the members of the putative class.

94.     All members of the putative class can be identified by reference to payroll and related records in the possession of the Defendant. The amount of wages due Plaintiff and members of the putative class can be readily determined from Defendant's records.  The Class Members are entitled to restitution of monies due and obtained by Defendant during the Class Period as a result of Defendant's unlawful and unfair conduct.

95.     During the Class Period, Defendant committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the Business and Professions Code, by and

-17-

1    among other things, engaging in the acts and practices described above.

2        96.    Defendant's course of conduct, acts, and practices in violation of the California

3    law as mentioned in each paragraph above constitutes a separate and independent violation of §

4    17200, etc., of the Business and Professions Code.

5        97.    The harm to Plaintiff and the members of the putative class of being wrongfully

6    denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendant's policies

7    and practices and, therefore, Defendant's actions described herein constitute an unfair business

8    practice or act within the meaning of Business and Professions Code § 17200.

9        98.    Defendant's conduct described herein threatens an incipient violation of

10   California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise

11   significantly threatens or harms competition.

12       99.    Defendant's course of conduct described herein further violates Business and

13   Professions Code § 17200 in that it is fraudulent, improper, and unfair, such as Defendant's policy

14   or practice of consistently modifying putative class members' time cards to reflect that meal

15   breaks had been taken even when they had not, or modifying putative class members' time cards

16   to reflect that less than six hours had been worked on any particular day such that the putative

17   class members in question would not be entitled to a meal break.

18       100.   The unlawful, unfair, and fraudulent business practices and acts of Defendant as

19   described herein-above have injured Plaintiff and members of the putative class in that they were

20   wrongfully denied the timely and full payment of wages due to them.

21                              **PRAYER FOR RELIEF**

22       WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the

23   putative class, prays for judgment against Defendant as follows:

24       1.    For an order certifying the proposed class;

25       2.    For nominal damages;

26       3.    For equitable relief in the nature of declaratory relief, restitution of all monies due

27   to Plaintiff and members of the putative class, and disgorgement of profits from the unlawful

28   business practices of Defendant, and accounting;

-18-

CLASS ACTION COMPLAINT

4.      For penalties as permitted by the California Labor Code, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, Labor Code §§ 203, 210, 218.6, 225.5, 223, 226, 226.3, 226.7, 1194, 1194.2, and 1197.1;

5.      For interest as permitted by statute, including Labor Code § 218.6;

6.      For costs of suit and expenses incurred herein as permitted by statute, including Labor Code §§ 226 and 1194;

7.      For attorney's fees as permitted by statute, including Labor Code §§ 226 and 1194; and

8.      For all such other and further relief that the Court may deem just and proper.


DATED:   June 20, 2017                    **LEVINE & BLIT LLP**


By: _____
        Anthony S. Khoury, Of Counsel
        Attorneys for Plaintiffs


**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.


DATED:   June 20, 2017                    **LEVINE & BLIT LLP**


By: _____
        Anthony S. Khoury, Of Counsel
        Attorneys for Plaintiffs

-19-
**CLASS ACTION COMPLAINT**